IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **RODERICK M. OWENS, #266904,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | NO. 3:23-cv-01300 |
| | ) | |
| **TENNESSEE DEPARTMENT OF** | ) | JUDGE CAMPBELL |
| **CORRECTION, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Roderick Owens, an inmate of the Whiteville Correctional Facility (WCF) in Whiteville, Tennessee, filed a pro se complaint for alleged violation of civil rights pursuant to 42 U.S.C. § 1983 on December 11, 2023 (Doc. No. 1), asserting constitutional claims arising from events that occurred at WCF in October 2023. Plaintiff also filed an application for leave to proceed as a pauper (Doc. No. 2) and a motion to appoint counsel (Doc. No. 3).

However, eight days after receiving the above filings, the Court received a letter from Plaintiff in which he stated as follows:

> I mailed on 11-29-23 an (sic) civil class action petition from here Whiteville Correctional Facility. I really sent this petition to[o] fast an[d] really out of fear of the staff taking any and all of my legal materials. I'm asking that the Clerk "please" if not to[o] late if Clerk can return this said petition. I hope that it[']s not been process[ed][.] . . . If not process "but" is on file "question" can I do an amended civil action[?]

(Doc. No. 6.)

The Court construes Plaintiff's letter as a notice of voluntary dismissal under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. *See Harris v. Adams Cnty. Domestic*

*Relations*, No. 1:14-cv-2074, 2015 WL 5895502, at *2 (M.D. Pa. Sept. 30, 2015) (construing pro se plaintiff's letter seeking to withdraw complaint as notice of voluntary dismissal under Rule 41(a)(1)(A)(i)). Under this Rule, "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Fed. R. Civ. P. 41(a)(1)(A)(i). A notice of dismissal in such circumstances is "self-effectuating, leaving no basis upon which a District Court can prevent such a dismissal," and is "effective immediately upon . . . filing." *Aamot v. Kassel*, 1 F.3d 441, 445 (6th Cir. 1993); *see Wellfount, Corp. v. Hennis Care Ctr. of Bolivar, Inc.*, 951 F.3d 769, 774 (6th Cir. 2020) ("Under Rule 41(a)(1), a qualifying plaintiff has an absolute right to withdraw its action and, once a notice of dismissal is filed, a district court 'has no discretion to deny such a dismissal.'" (quoting *Aamot*, 1 F.3d at 443)).

Accordingly, Plaintiff voluntarily dismissed this case without prejudice on December 19, 2023. Although no order is necessary to effectuate this disposition, as an administrative matter, the Clerk is **DIRECTED** to terminate all pending motions and to close this file.

Finally, Plaintiff is advised that if he chooses to refile this action involving events and officials at WCF, the appropriate venue for such filing is the Western District of Tennessee, Eastern Division.[1]

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[1] WCF is in Whiteville, Hardeman County, Tennessee, which lies within the Western District. 28 U.S.C. § 123(c)(1). Even if venue is technically proper in this district because a defendant resides here, 28 U.S.C. § 1391(b), the case would still be subject to discretionary transfer in the interest of justice and for the sake of convenience of parties and witnesses, 28 U.S.C. § 1404(a)—a likely outcome when all events and most parties and witnesses referred to in the complaint are located in the Western District.